**EXHIBIT 5**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>TODD ELLIOTT HITT, KIDDAR CAPITAL LLC, and KIDDAR GROUP HOLDINGS, INC.,<br><br>        Defendants,<br><br>and<br><br>KIDDAR HERNDON STATION LLC, KIDDAR HOMEBUILDING FUND I, LLC, MELBOURNE RETREAT LLC, KIDDAR MASS AVE LLC, KIDDAR RIDGEVIEW LLC, ESA EMERSON LLC, ESA HIGHWOOD LLC, and KIDDAR AQ LLC a/k/a KIDDAR AQUICORE LLC,<br><br>        Relief Defendants. | Civil No. 1:18-cv-01262 |

**ORDER APPROVING FOURTH INTERIM APPLICATION OF
PROTIVITI FOR ALLOWANCE OF COMPENSATION AND
EXPENSE REIMBURSEMENT AS FINANCIAL ADVISOR TO THE RECEIVER**

This matter came before the Court upon the Second Interim Application of Protiviti for Allowance of Compensation and Expense Reimbursement Incurred as Financial Advisor to the Receiver (the "**Application**") filed by Protiviti ("**Protiviti**"), counsel for Christopher L. Perkins (the "**Receiver**") of the estates of Kiddar Capital LLC, Kiddar Group Holdings, Inc., Kiddar

Homebuilding Fund I LLC, Melbourne Retreat LLC, Kiddar Mass Ave LLC, Kiddar Ridgeview LLC, ESA Emerson LLC, ESA Highwood LLC, and Kiddar AQ LLC also known as Kiddar Aquicore LLC (the "**Receivership Defendants**"). The Court, having reviewed the Application and having heard the statements of counsel in support of the relief requested therein at a hearing on the Application (the "**Hearing**") and the Court finding that: (i) jurisdiction is proper pursuant to 28 U.S.C. § 959, (ii) notice of the Application and Hearing was proper and sufficient; (iii) there are no objections to the Application; and (iv) payment of the requested compensation and reimbursement of expenses as allowed herein is reasonable; it is hereby

ORDERED as follows:

1. The Application is approved.

2. Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

3. Compensation in the amount of $11,925.00 for professional services rendered to the Receiver and reimbursement of $70.00 for out-of-pocket expenses incurred for the Receiver's benefit from and including October 1, 2019, through and including December 31, 2019, is hereby allowed.

4. The Receiver is authorized and directed to pay eighty percent (80%) of professional fees ($9,540.00) and expenses ($56.00) awarded herein.

IT IS SO ORDERED, this ___ day of _____, 2020

_____
UNITED STATES DISTRICT JUDGE

2